United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-21016
Summary Calendar

JOHNNY R GORDON,

Plaintiff-Appellant,

versus

CONTINENTAL AIRLINES; ET AL,

Defendants,

CONTINENTAL AIRLINES,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(03-CV-5246)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Johnny Gordon, appeals from a district-court order granting summary judgment against his Title-VII and section- 1983 discrimination claims. Gordon also appeals from the district court's subsequent refusal to exercise supplemental jurisdiction over his state-law claims. We affirm.

Gordon, a black man, claims that Continental Airlines discriminated against him on the basis of his race by (1) failing

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to promote him; (2) demoting him from lead-CSA to CSA; and (3) terminating him. Continental Airlines has offered several legitimate, non-discriminatory reasons for all three employment actions, including (1) Gordon's altercation with a representative from the Financial Times, one of Continental's customers; (2) Gordon's "loud and abusive" disruption of a CSA shift meeting; (3) several warnings to Gordon for "ranting and raving" at his co-workers; (4) a co-worker survey that ranked Gordon's performance lowest among his peers; (5) Gordon's subsequent falsification of the next round of performance surveys; (6) Gordon's filing of false allegations against his co-workers, including allegations of substance abuse and bribe solicitation; (7) Gordon's secret taping of conversations with co-workers; and (8) a sexual harassment claim that was filed against Gordon.

Faced with these non-discriminatory reasons, Gordon must (in order to survive summary judgment) create an issue of fact that either (1) Continental's reasons are not true, but are instead pretext for discrimination or (2) Continental's reasons, while true, are only one motivation for its adverse employment actions, and that the other motivating factor is Gordon's race. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005).

Gordon has failed to create a genuine issue as to either. Indeed, he has presented only a scintilla of evidence suggesting that Continental Airlines discriminated against him on the basis of

2

his race. He notes that, on one occasion, a white man was caught sleeping on the job and was not reprimanded; he notes that on a different occasion, a different white man once shouted at his supervisor during a meeting as was not reprimanded. Ultimately, Gordon has failed to created a genuine issue of fact as to whether Continental discriminated against him on the basis of his race. *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001).

Given this failure, the district court properly dismissed on summary judgment Gordon's Title-VII and section-1983 discrimination claims. Having dismissed all federal claims before it, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Gordon's state-law retaliation claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the judgment of the district court is

AFFIRMED.